The United States District Court For The
Western District of Louisiana
Shreveport Division

| | | |
|---|---|---|
| Gabriel White | § | |
| | § | |
| vs. | § | C.A. No. |
| | § | |
| The Kansas City Southern Railway Company | § § | Jury Trial Demanded |

## Complaint

To The Honorable Judge of Said Court:

Comes Now Gabriel White, complaining of The Kansas City Southern Railway Company (herein after referred to as "KCS") for cause of action would show unto this Honorable Court as follows:

## Parties

1. Plaintiff, Gabriel White, is a railroad worker and a resident and citizen of the State of Louisiana. Specifically, Mr. White lives in Bossier City, Louisiana.

2. Defendant KCS is a foreign corporation which resides in and is subject to personal jurisdiction in the Western District of Louisiana in that it has regular and systematic contact with this District.  Service of process may be had upon Defendant KCS by serving its registered agent. Service of process may be had upon Defendant KCS by serving Defendant KCS' registered agent: C. T. Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

3. At all times mentioned in this complaint, Defendant KCS was a common carrier by railroad engaged in interstate commerce through and between the several states.  At all relevant times, Mr. White was employed by Defendant KCS to further those activities.

**Venue and Jurisdiction**

4. Plaintiff's rights and remedies against Defendant KCS arise under the Federal Employers' Liability Act, 45 U.S.C.§51 *et seq.*, this court has jurisdiction in this case pursuant to Federal Employers' Liability Act, 45 U.S.C. §51, *et seq*.

5. Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b)(1-2) in that Defendant resides in the Western District of Louisiana and has regular and systematic contacts with this District and Division.

**FELA Cause of Action**

6. On or about August 25, 2014, KCS assigned Plaintiff to begin work in Heavener, Oklahoma. After his job brief, Mr. White was required to work on a KCS train that was headed south. Said train was improperly inspected by KCS. Specifically, the mechanical department and transportation department personnel failed to properly inspect and repair the air hose and related bracket. As a result, the air hose violated FRA Safety Appliance standards and was hanging too low upon departure. Thereafter, KCS' defective car uncoupled in transit as a result of the low hanging hose dragging and other defects. The uncoupling in transit caused the train to go into emergency. Plaintiff was force to walk a long distance at night on uneven and unsafe ballast for KCS on the walkway and other areas when he suffered injuries to his knee and other parts of his body. More specifically, Mr. White slid, tripped and/or fell on uneven ballast while walking along side KCS's defective track and walkway.

7. The injury to Plaintiff was due in whole or in part to the negligence of Defendant KCS, its agents, servants or employees acting in the course and scope of their employment. Defendant KCS had a duty to provide Plaintiff with a safe place to work. Defendant KCS breached this duty causing Plaintiff's injuries. Specifically, but without limitation, Defendant KCS failed to

provide Plaintiff with a safe place to work and walk; failed to provide reasonably safe tools, equipment and appurtenances; failed to warn; failed to safely inspect, repair, and maintain, including, but not limited to, KCS' track department failure to maintain walkways; failed to establish and enforce proper safety procedures; failed to provide adequate manpower; failed to properly instruct, train and supervise; and failed to follow applicable rules, regulations, codes and industry standards.

### Defendant KCS' Violations of Federal Railroad Statutes and Regulations

8. The injury to Mr. White was due in whole or in part, to KCS's violation of federal statutes and regulations including the Federal Railroad Safety Act. Specifically, but without limitation, KCS' mechanical forces and transportation forces and other KCS agents and employees violated the Safety Appliance Act, 49 U.S.C. 20301 et seq., 49 C.F.R. 215, 49 C.F.R. 231 and the area where Mr. White suffered his injury was not in compliance with 49 C.F.R. Section 213. KCS' regulatory violations amount to negligence as a matter of law and caused the injuries and damages discussed herein. 45 U.S.C. 53-54a.

### Damages

9. As a legal result of Defendant's negligence and wrongdoing, Mr. White has suffered serious injuries and impairment to his body. These injuries have had a serious effect on Mr. White's health and well being.

10. Because of the nature and consequences of his injuries, Mr. White has suffered great physical and mental pain, suffering and anguish in the past and future.

11. At the time of the incident complained of, Mr. White was gainfully employed. Mr. White has lost wages and benefits in the past and will have a loss of future earning capacity.

12. As a further result thereof, Mr. White has incurred expenses for medical care and attention, such as physicians' fees, medical supplies, appliances, medicine, hospitalization and nursing service in the past and future. These expenses were incurred for necessary care and treatment of the injuries resulting from the incidents complained of above. The charges for the said expenses were reasonable and they were the customary charges made for such services in the area in which they were rendered.

13. As a further result of the injuries sustained by Mr. White, he will, within reasonable medical probability, incur future expenses for his medical care and attention.

14. As a result of the incidents complained of herein, Mr. White has suffered in the past and, within reasonable medical probability, will continue to suffer in the future from physical impairment and disfigurement past and future.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Mr. White requests that Defendant be summoned to appear and answer, and that upon final trial, judgment be rendered against Defendant, in excess of SEVENTY-FIVE THOUSAND AND NO/100THS DOLLARS ($75,000.00), exclusive of interest and costs, prejudgement interest, plus post-judgment interest at the legal rate from Defendant, and for all costs of court. Mr. White would further pray for any such other relief, both at law and in equity, to which he may show himself justly entitled.

### PLAINTIFF DEMANDS A JURY TRIAL

        Respectfully submitted,

        _____
        Bristol Baxley
        LASB: 30199
        Rome, Arata & Baxley, L.L.C.
        9307 Broadway, Ste. 309
        Pearland, Texas 77584
        281-993-0000
        281-993-0035 Fax

        ATTORNEY FOR PLAINTIFF